# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERRELL DESHON KEMP SR,

    Plaintiff,

vs.

SHERIFF JOE LOMBARDO, et al.,

    Defendants.

Case No. 2:17-cv-01474-RFB-CWH

**SCREENING ORDER**

Presently before the court is plaintiff Terrell Deshon Kemp Sr.'s application to proceed *in forma pauperis* (ECF No. 1), filed on May 22, 2017. Also before the court is Kemp's civil rights complaint filed under 42 U.S.C. § 1983. (Compl. (ECF No. 1-1).) Plaintiff is a pro se inmate in the custody of the Clark County Detention Center.

## I. *IN FORMA PAUPERIS* APPLICATION

Kemp submitted the declaration required by 28 U.S.C. §1915(a) showing an inability to prepay fees and costs or to give security for them. Based on the information regarding Kemp's financial status, the court finds he is unable to pay an initial installment toward the full filing fee required under 28 U.S.C. § 1915(b). However, Kemp will be required to make installment payments toward the full $350.00 filing fee when he has funds available. Kemp's request to proceed *in forma pauperis* therefore will be granted.

## II. SCREENING COMPLAINT

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, the

court must dismiss the case if "the allegation of poverty is untrue" or if the court determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes pro se civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

When evaluating a complaint under Rule 12(b)(6), a court also reviews compliance with Rule 8. *See Twombly*, 550 U.S. at 555-63. Illegible allegations do not satisfy Rule 8(a), which requires a complaint to contain a "short" and "plain" statement of the claim. *See, e.g., Shuster v. Oppelman*, 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (stating that a partially illegible pro se complaint does not comply with Rule 8); *Knutson v. Lucky Store, Inc.*, No. CIV S-07-0981-LKK-EFB-P, 2008 WL 4167076, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing a pro se complaint that was mostly illegible and did not comply with Rule 8).

Here, Kemp brings a civil rights complaint under 42 U.S.C. § 1983, alleging claims against defendants Sheriff Joe Lombardo, City of Las Vegas Metro Police Department, Sergeant T. Garcia,

Officer Cordero, and County Commissioners related to injuries Kemp sustained during an arrest. (Compl. (ECF No. 1-1).) Although Kemp's handwriting is clear on some pages, it is so faint on other pages that it is impossible for the court to decipher all of his allegations. For instance, the court cannot decipher Kemp's allegations on page four of the complaint in the sections in which Kemp alleges how the County Commissioners were acting under the color of law and in the section titled "nature of the case." Given the difficulty in reading portions of the complaint, the court is unable to determine exactly what claims Kemp is attempting to allege against which defendants and cannot evaluate whether Kemp states claims for relief. Thus, even liberally construing the complaint in Kemp's favor, it fails to state a claim upon which relief can be granted. The court therefore will dismiss the complaint without prejudice for Kemp to file an amended complaint.

If Kemp chooses to file an amended complaint, it must be clearly printed or typed. To the extent Kemp is attempting to bring a claim under 42 U.S.C. § 1983, Kemp must allege facts indicating that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Kemp must ascribe particular conduct to particular defendants. All defendants must be identified in the caption of the pleading and all defendants must be named in the section of the amended complaint designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Kemp still must give the defendants fair notice of his claims against them and of his entitlement to relief.

Furthermore, Kemp is advised that if he files an amended complaint, the original complaint no longer serves any function in this case. As such, if Kemp files an amended complaint, it must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Kemp's amended complaint complete.

Finally, the court will deny without prejudice all other pending motions in the case. The court cannot determine its jurisdiction in this matter or evaluate these motions until it determines which claims and parties are at issue in this case. Kemp is advised that if he chooses to amend his complaint, he should refrain from filing motions, such as discovery motions and other procedural motions, until the court re-screens his amended complaint and determines whether the case will

| | |
|---|---|
| 1 | proceed. The court will order service of process on the defendants if and when it is time to do so. |
| 2 | **III.    CONCLUSION** |
| 3 | IT IS THEREFORE ORDERED that plaintiff Terrell Deshon Kemp Sr.'s application to |
| 4 | proceed *in forma pauperis* (ECF No. 1) is GRANTED. Kemp will not be required to pay an initial |
| 5 | installment fee and is permitted to maintain this action to conclusion without prepaying fees or |
| 6 | costs or giving security for them. However, under 28 U.S.C. § 1915(b), Kemp will be required to |
| 7 | make installment payments toward the full $350.00 filing fee when he has funds available. This |
| 8 | order does not extend to the issuance of subpoenas at government expense. |

III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Terrell Deshon Kemp Sr.'s application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Kemp will not be required to pay an initial installment fee and is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them. However, under 28 U.S.C. § 1915(b), Kemp will be required to make installment payments toward the full $350.00 filing fee when he has funds available. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Terrell Deshon Kemp Sr., #1196637 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that if this action is dismissed or is otherwise unsuccessful, the full $350.00 filing fee is still due under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of the Court must file Kemp's complaint (ECF No. 1-1).

IT IS THEREFORE ORDERED that Kemp's complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Kemp chooses to file an amended complaint, he must do so by April 13, 2018. Failure to comply with this order will result in a report and recommendation to the assigned United States district judge that this case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court must send to Kemp the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (ECF No. 1-1), and a copy of the docket sheet for his reference.

IT IS FURTHER ORDERED that all other pending motions (ECF Nos. 3, 4, 5, 8, 9, 10) are DENIED without prejudice.

DATED: March 14, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**