UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRELL DESHON KEMP, SR., | Case No. 2:17-cv-01474-RFB-CWH |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| SHERIFF JOE LOMBARDO, et al., | |
| Defendants. | |

Nevada state-prison inmate Terrell Deshon Kemp brings this civil-rights case under 42 U.S.C. § 1983 for events that occurred after police officers responded to a call that Kemp had been shot. Kemp moves to amend his complaint. (Mot. for Leave to Am. Compl. (ECF No. 13).) Given that the court previously screened Kemp's complaint and gave him leave to file an amended complaint, the court will grant the motion and instruct the clerk of court to detach and file Kemp's amended complaint (ECF No. 13-1). The court now screens Kemp's amended complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

I.    ANALYSIS

A. Screening standard for pro se prisoner claims

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the amended complaint**

Across four claims, Kemp sues the Las Vegas Metropolitan Police Department ("LVMPD") and its internal affairs department's supervisors; Sheriff Joe Lombardo in his personal and official capacities; Officer Cordova, Officer Cordero, and Sergeant T. Garcia in their personal capacities; and three John Doe officers in their personal capacities for alleged violations of the Fourth, Eighth, and Fourteenth Amendments. He seeks in excess of $350,000 in monetary damages and $10,000 per officer in punitive damages.

*1.   Excessive force (claim three)*

Kemp alleges that on May 26, 2015, he was shot in the head and arm.  (Am. Compl. (ECF No. 13-1) at 8.)  He does not state who shot him.  (*Id.*)  A Good Samaritan called 911 for police and an ambulance, let Kemp wait on the porch, and gave him a towel and a glass of water.  (*Id.*)  Kemp alleges the ambulance and Officers Cordova and Cordero responded to emergency call.  (*Id.*)  While Kemp simultaneously was receiving medical assistance on a gurney and looking at his cell phone to find his parents' phone numbers, Officers Cordova and Cordero allegedly stated Kemp "was uncooperative with who shot [him]" and said, "fuck him."  (*Id.*)  According to Kemp, Officer Cordero then tried to bend Kemp's arm and snatch the cell phone from his hand.  (*Id.*)  When Kemp tried to pull his arm away, the officers tackled him, snatched him off the gurney, and slammed his head into the ground.  (*Id.* at 8-9.)  Kemp alleges Officers Cordova and Cordero, as well as three John Doe officers, kicked him, kneed him in the back, and hit him on the face and back of the neck.  (*Id.* at 9.)  Kemp also states he was handcuffed so tightly it made his wrists bleed and his legs were handcuffed to his wrists in a hog-tie fashion, causing his legs to bend backwards and "intense pain to shoot all through [his] body."  (*Id.*)  Finally, Kemp states an officer put him in a choke hold, causing him to lose consciousness.  (*Id.*)

As a result of this incident, Kemp alleges he suffered injuries to both of his legs and needs surgery for his right knee, right shoulder, neck and back.  (*Id.* at 10.)  He further states the officers caused a one-half-inch laceration in his head, chipped his tooth, and left a permanent, visible bump on the right side of his face.  (*Id.* at 8-10.)  He also states his left pinky finger was dislocated, resulting in loss of its full function.  (*Id.* at 10.)  These allegations are best construed as a claim for excessive force under the Fourth Amendment, though Kemp also alleges this conduct constituted cruel and unusual punishment under the Eight Amendment and violated the Fourteenth Amendment's due process clause.

i.      Fourth Amendment

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).  Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in

1  light of the facts and circumstances confronting [the officer], without regard to their underlying

2  intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular

3  seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and

4  quality of the intrusion of the individual's Fourth Amendment interests against the countervailing

5  governmental interests at stake." *Id.* at 396 (quotations omitted). In this analysis, the court must

6  consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff

7  posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff

8  actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agen*cy, 261 F.3d 912,

9  921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the

10  Fourth Amendment excessive force context" and the court may examine the totality of the

11  circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir.2011) (en banc).

12  　　　　Here, Kemp states a colorable excessive force claim against Officer Cordova, Officer

13  Cordero, and the three John Doe officers. He alleges that officers attacked him without

14  provocation, slamming his head into the ground, hog tying him, beating him, and putting him in a

15  choke hold, causing him to lose consciousness and resulting in a head laceration and other various

16  other injuries. Liberally construing Kemp's amended complaint, he had not committed a crime

17  and did not pose a safety threat to the officers or anyone else. At the time of the encounter with

18  police, he was on a gurney because he already had been shot in the head and leg by an

19  unspecified person. The court therefore will recommend that Kemp's excessive force claim

20  should proceed against Officer Cordova, Officer Cordero, and the three John Doe officers.

21  　　　　　　　　　ii.　　Eighth and Fourteenth Amendments

22  　　　　The Eighth Amendment to the United States Constitution prohibits "cruel and unusual"

23  punishment. U.S. Const. amend. VIII. This prohibition applies to those who have been convicted

24  of a crime. *Graham*, 490 U.S. at 393 & n.6 (stating that the "Eighth Amendment standard applies

25  only after the State has complied with the constitutional guarantees traditionally associated with

26  criminal prosecutions." (quotation omitted)). The Fourteenth Amendment's due process clause

27  requires that before the government deprives a person of life, liberty, or property, it must give the

28  person notice and an opportunity to be heard. *See Clement v. City of Glendale*, 518 F.3d 1090,

1    1093 (9th Cir. 2008).  Inmates who are injured by while in custody, but who have not yet been

2    convicted, may sue under the Fourteenth Amendment's due process clause, as a pretrial detainee

3    may not be punished before conviction.  *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th

4    Cir. 2016); *see also Avery v. Las Vegas Metro Police Dep't*, No. 2:16-cv-01774-GMN-GWF,

5    2018 WL 3972143, at *3 (D. Nev. Aug. 20, 2018) (stating the Fourth Amendment generally

6    applies to claims of excessive force made during an arrest and up to the time of arraignment,

7    while the Fourteenth Amendment's due process clause applies to excessive force claims by post-

8    arraignment pretrial detainees).

9         Here, Kemp cannot state a claim for cruel and unusual punishment under the Eighth

10   Amendment as a matter of law because he does not allege he was injured after he was found

11   guilty of a criminal offense.  Rather, the amended complaint indicates he was injured before any

12   adjudication before a court.  Kemp also cannot state a claim for a due process violation under the

13   Fourteenth Amendment as a matter of law because he does not allege he was a pretrial detainee at

14   the time he was injured.  Rather, the amended complaint indicates he suffered the gunshot

15   wounds while at liberty, and he subsequently was injured by police who arrived at the scene to

16   assist him.  Given that the Eighth and Fourteenth Amendment claims fail as a matter of law and

17   that Kemp has properly alleged an excessive force claim under the Fourth Amendment, the court

18   will recommend that his Eighth and Fourteenth Amendment claims be dismissed, without leave to

19   amend.

20              *2.  Failure to supervise (claims one, two, and four)*

21        In his first claim, Kemp alleges Sergeant Garcia violated the Fourth, Eighth, and

22   Fourteenth Amendments by failing to supervise his subordinate officers or to prevent excessive

23   use of force.  (*Id.* at 6.)  In his second claim, Kemp alleges the LVMPD and Sheriff Joe

24   Lombardo violated the Eighth and Fourteenth Amendments by their "common practice" of

25   inadequately hiring and training its officers and by failing to take adequate measures to prevent

26   constitutional violations.  (*Id.* at 7.)  In his fourth claim, Kemp alleges that investigating officers

27   employed by LVMPD's internal affairs department failed to supervise subordinate officers and to

28   conduct an adequate investigation of the incident.  (*Id.* at 11.)

A defendant is not liable under 42 U.S.C. § 1983 unless he personally participated in the alleged deprivation of the plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "[T]here is no respondeat superior liability under section 1983." *Id.* However, a supervisor personally participates, and may be liable in his own right, if the supervisor "directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Advancing a policy that instructs subordinates to violate constitutional rights also is a basis for § 1983 liability. *OSU Student All. v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012).

Here, Kemp does not allege Sergeant Garcia, Joe Lombardo, the internal affairs supervisors, or other LVMPD supervisors personally participated in the alleged violations of Kemp's constitutional rights. While he generally states that they failed to adequately train and supervise their subordinates, he does not allege a particular policy, statement, regulation, decision, or custom that instructed subordinate officers to violate his constitutional rights. The court therefore will recommend dismissal of Kemp's claims premised on a failure to supervise, with leave to amend.

### 3. *Instructions for amendment*

If the United States district judge assigned to this case adopts this report and recommendation and Kemp chooses to file a second amended complaint, Kemp is advised all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Kemp still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Kemp further is advised that if he files a second amended complaint, the original complaint (ECF No. 12) and amended complaint (ECF No. 13-1) no longer serve any function in this case. As such, if he files a second amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other

1    documents to make his second amended complaint complete.  The second amended complaint

2    must be complete in and of itself without reference to prior pleadings or to other documents.

3    **II.     CONCLUSION AND RECOMMENDATIONS**

4          Based on the forgoing,

5          IT IS ORDERED that plaintiff Terrell Deshon Kemp's Motion for Leave to Amend

6    Complaint (ECF No. 13) is GRANTED.

7          IT IS FURTHER ORDERED that the clerk of court must detach and file Kemp's

8    amended complaint (ECF No. 13-1).

9          IT IS FURTHER ORDERED that the clerk of court must send Kemp the approved form

10   for filing a § 1983 complaint, instructions for the same, and a courtesy copy of his amended

11   complaint (ECF No. 13-1).

12         IT IS RECOMMENDED that:

13            • the portion of claim three alleging an excessive force under the Fourth

14               Amendment should proceed against Officer Cordova, Officer Cordero, and the

15               three John Doe officers;

16            • the remainder of claim three, which alleges excessive force claims under the

17               Eighth and Fourteenth Amendments against Officer Cordova, Officer Cordero, and

18               the three John Doe officers be dismissed, without leave to amend, as amendment

19               would be futile; and

20            • Claims one, two, and four be dismissed, with leave to amend.

21         IT IS FURTHER RECOMMENDED that the court set a deadline for Kemp to file a

22   second amended complaint;

23         IT IS FURTHER RECOMMENDED that the court advise Kemp that if he chooses not to

24   file a second amended complaint by the court-ordered deadline, this case will proceed only on

25   Kemp's Fourth Amendment excessive-force claim against Officer Cordova, Officer Cordero, and

26   the three John Doe officers.

27   / / /

28   / / /

1

**III.    NOTICE**

2          This report and recommendation is submitted to the United States district judge assigned

3   to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

4   may file a written objection supported by points and authorities within fourteen days of being

5   served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

6   objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

7   1153, 1157 (9th Cir. 1991).

8

9          DATED: February 12, 2019

10

11

12                                                    _____
                                                      C.W. HOFFMAN, JR.
13                                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28