# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRELL DESHON KEMP SR., | Case No. 2:17-cv-01474-RFB-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| LOMBARDO, et al., | |
| Defendants. | |

Presently before the court is Nevada state-prison inmate Terrell Deshon Kemp's motion for appointment of counsel (ECF No. 21), filed on May 6, 2019.

Also before the court is Kemp's motion for issuance of summons (ECF No. 24), filed on July 10, 2019.

**I.  Appointment of counsel**

Kemp moves for the appointment of counsel, arguing that he is unable to afford a lawyer, that his case is complex because it contains several different claims, that his case involves medical issues and may require an expert, that depositions will be required, and that he has demanded a jury trial. He further argues he only has a high school education and no legal training.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, given that Kemp's excessive force claim survived screening, he has some likelihood of success on the merits. Kemp's filings are comprehensible and literate. Kemp has navigated the pleading stage and requested the court's assistance with service of process, thereby demonstrating his ability to articulate his claims without an attorney. Although Kemp's case will involve medical information related to the injuries he suffered, the legal issues in this case are not complex. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant can "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* The court in its discretion therefore finds that Kemp does not demonstrate the exceptional circumstances required for the appointment of an attorney at this time and will deny his motion without prejudice.

**II.     Issuance of summons**

Kemp requests that the court issue summonses for Officer Cordova, Officer Cordero, and the three John Doe officers in this case. He also requests assistance with service of process.

The United States district judge assigned to this case adopted the undersigned's report and recommendation regarding Kemp's civil-rights complaint. (Order (ECF No. 20).) The order detailed which claims would proceed against which defendants and advised Kemp regarding the claims that were dismissed with leave to amend. (*Id.*) The order also stated that if Kemp decided not to file a second amended complaint, the case would proceed only on Kemp's Fourth Amendment excessive-force claim against Officer Cordova, Officer Cordero, and the three John

Doe Officers. Kemp did not file an amended complaint by the court-ordered deadline, nor did he request an extension of time to do so. Accordingly, the court will grant Kemp's motion for issuance of summonses and assistance with service on these defendants.

**III.    Conclusion**

IT IS THEREFORE ORDERED that plaintiff Terrell Deshon Kemp, Sr.'s motion for appointment of counsel (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that Kemp's motion for issuance of summons (ECF No. 24) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must send to Kemp five blank summons forms and five blank USM-285 forms, along with a copy of this order.

IT IS FURTHER ORDERED that Kemp must complete the forms for Officer Cordova, Officer Cordero, and the three John Doe Officers and file them with the court by August 24, 2019.

IT IS FURTHER ORDERED that upon receipt of the proposed summonses and completed USM-285 forms from Kemp, the clerk of court must issue the summonses and deliver the summonses, the USM-285 forms, a copy of Plaintiff's amended complaint (ECF No. 16), and a copy of this order to the U.S. Marshal for service.

DATED: July 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE